McAdam, C. J.
It is conceded, that at common law, a personal right of action dies with the person, but it is claimed that the present cause of action survived by force of section 764 of the Code, which provides that “after verdict, report or decision in an action to recover damages for a personal injury, the action does not abate by the death of a party, but the subsequent proceedings are the same as in a case where the cause of action survives.” This provision was evidently intended to apply to cases where a verdict, report or decision is obtained and remains unopened, unreversed and unimpaired at the time of the death of the judgment creditor. It was never intended to apply to an inquest or default opened during the life time of the party. The • temporary verdict obtained by the plaintiff was not an asset at the time of her death, it was a mere security like a bond or undertaking that, if on the trial to be had, she _ obtained a verdict, it might be secured by the lien of the judgment entered on the defendant’s default. She unfortunately died before the trial, the result of which, if in her favor, the judgment by default was to secure, and the security was only to be available in case of her ultimate success. The object of section 764 was to save to the estate of a deceased party any recovery likely to enhance the estate of the decedent (Kelsey v. Jewett, 34 Hun, at p. 14), but not to give a right of succession to untried causes of action for personal injuries, which, if unsuccessful in their prosecution, might bring the estate into debt. The cause of action died with the plaintiff; it has abated and is not the subject of prosecution by her legal representative.
The order must be affirmed, with costs.
Hyatt, J., concurs.